# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **MATTHEW R. DUGGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23CV00039 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JENNIFER MAYS,** | ) | Judge James P. Jones |
| | ) | |
| Defendant. | ) | |

*Matthew R. Dugger*, Pro Se Plaintiff; *Pebbles L. Burgess, Senior Assistant Attorney General*, Office of the Virginia Attorney General, Richmond, Virginia, for Defendant.

The self-represented plaintiff brings this action under 42 U.S.C. § 1983 against the defendant, Jennifer Mays, a Deputy Clerk of the Buchanan County Juvenile and Domestic Relations Court, alleging that she violated his constitutional rights by disallowing him to file a motion to amend or rescind an emergency protective order related to a child custody dispute. The plaintiff seeks monetary damages and injunctive relief requiring Mays' resignation. I will dismiss this suit without prejudice.

After reviewing the record, I conclude that this case must be dismissed for failure to prosecute.[1] The defendant moved to dismiss under Federal Rules of Civil

---

[1] I will dispense with oral argument because the facts and allegations are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. The court notified the plaintiff of the defendant's motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). On November 2, 2023, the court warned that failure to respond within 21 days would convey to the court that the plaintiff had lost interest in prosecuting the case and would result in dismissal. The plaintiff has not filed a response within the allotted time.

District courts have authority to dismiss an action on their own initiative for failure to prosecute under Rule 41(b). *Cleveland v. Astrue*, No. 3:11CV678-REP., 2012 WL 4329291, at *2 (E.D. Va. Aug. 23, 2012) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 629–31 (1962)) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power', governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."), *R. & R. adopted*, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012). When deciding whether to dismiss, the court must consider four factors: (1) the plaintiff's share of personal responsibility; (2) the amount of prejudice to the defendant; (3) a history of proceeding in a dilatory fashion; and (4) the effectiveness of sanctions that are less drastic than dismissal. *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in the defendant's favor, Rule 41(b) gives the court

discretion to specify that the dismissal is without prejudice. *Payne ex rel. Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

The plaintiff has failed to respond to the arguments in the defendant's motion and has not moved for additional time to respond. Although the plaintiff may be personally responsible for failing to comply with the court's Notice, there is otherwise no history of deliberate delay or prejudice to the defendant. Therefore, dismissal without prejudice is appropriate for failing to prosecute this action. Accordingly, I will dismiss the case without prejudice.

A separate Judgment will enter herewith.

DATED: December 19, 2023

/s/  JAMES P. JONES  
Senior United States District Judge